IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VINCENZO TADDEO,<br><br>                                Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                                Defendant. | Case No. __23-399 C__<br><br>**COMPLAINT IN COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT** |

## INTRODUCTION

1. The Fair Labor Standards Act (FLSA) requires that covered employees ordinarily receive their wages on their regular pay dates. The statute thus "authorize[s] the recovery of liquidated damages as compensation for delay in payment of sums due under the Act." *Brooklyn Savings Bank v. O'Neil*, 324 US 697, 715 (1945).

2. Plaintiff Vincenzo Taddeo is an employee of the Federal Aviation Administration (FAA). Taddeo is recognized by his agency as covered by the FLSA. Yet, on multiple occasions, the FAA has failed to make timely payment of wages owed to Taddeo. These delays do *not* relate to a government shutdown—the only circumstance ever found in this circuit to excuse the untimely payment of wages under the FLSA. Rather, the delays result from preventable failures by the agency to fulfill its statutory obligations.

3. Accordingly, Taddeo seeks liquidated damages under the FLSA, as well as other relief.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1491, 29 U.S.C. § 216(b), and 5 U.S.C. § 5596.

5. This Court is the proper venue for this action under 28 U.S.C. § 1491.

## THE PARTIES

6. Taddeo is an employee of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2105, 5541.

7. Taddeo is employed by the FAA as an Air Traffic Control Specialist in the job series 2152. He has worked at the FAA since 2008.

8. Taddeo's employment records indicate that he is and has been classified as non-exempt from the FLSA since at least March 22, 2020.

9. Attached to this Complaint as Exhibit A is Taddeo's signed individual consent form to be included as a party to this action pursuant to 29 U.S.C. § 216(b).

10. Defendant and its involved agency, the FAA, are a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

11. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

## GENERAL ALLEGATIONS

12. The FAA ordinarily pays Taddeo and other employees bi-weekly on Tuesdays. For instance, in 2023, employees have received paychecks on January 10 and 24, February 7 and 21, and March 7 and 21.

13. However, on at least six occasions since 2020, the FAA has failed to make timely payment to Taddeo of his wages. Despite knowing of this pattern of non-compliance, the FAA has not corrected it, leading most recently to a failure to timely pay wages in February 2023.

14. **Incident 1.** On March 24, 2020, a regular pay date, the FAA failed to pay Taddeo any overtime or shift differentials for his work during the relevant pay period, including overtime premiums owed under the FLSA. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $1876.

15. This incident affected approximately 200 air traffic controllers at the FAA, who were non-exempt from the FLSA.

16. **Incident 2.** On January 12, 2021, a regular pay day, the FAA failed to pay Taddeo for 32 hours of his work during the relevant pay period. The total amount of Taddeo's unpaid wages was approximately $2279.

17. **Incident 3.** On July 13, 2021, a regular pay day, the FAA failed to pay Taddeo overtime or shift differentials for his work during the relevant pay period, including overtime premiums owed under the FLSA. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $266.

18. **Incident 4.** On August 10, 2021, a regular pay day, the FAA failed to pay Taddeo overtime or shift differentials for his work during the relevant pay period, including overtime

premiums owed under the FLSA. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $241.

19. **Incident 5.** On November 29, 2022, a regular pay day, the FAA failed to pay Taddeo any overtime or shift differentials for his work during the relevant pay period, including overtime premiums owed under the FLSA. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $2683.

20. This incident affected approximately 30 air traffic controllers at the FAA, who were non-exempt from the FLSA.

21. **Incident 6.** On February 21, 2023, a regular pay day, the FAA failed to pay Taddeo any overtime or shift differentials for his work during the relevant pay period, including overtime premiums owed under the FLSA. The total amount of Taddeo's unpaid overtime wages under the FLSA was approximately $3047.

22. This incident affected approximately 11,000 air traffic controllers at the FAA, who were non-exempt from the FLSA.

23. Through the foregoing incidents, Defendant and its officers and agency, the FAA, has willfully violated the FLSA by wrongfully and willfully failing and refusing to provide Plaintiff with timely wage payments under the FLSA.

24. To avoid a mandatory award of liquidated damages, Defendant has the burden to establish that it acted in good faith and with reasonable grounds for its failure to timely pay wages to Plaintiff. However, no such justification exists, particularly given that the FAA has been on notice of its failure to timely pay wages since at least the first incident described above in March 2020, but continued to violate its obligations at least five other times over the next two years.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings this action on behalf of himself and all others similarly situated ("the Class"). The Class consists of FAA employees who fall into one or more of the following Sub-Classes.

26.     Sub-Class 1 consists of all non-exempt FAA employees affected by the failure to timely pay wages in March 2020, as described above in paragraph 14 (Incident 1).

27.     Sub-Class 2 consists of all non-exempt FAA employees affected by the failure to timely pay wages in in November 2022, as described above in paragraph 19 (Incident 5).

28.     Sub-Class 3 consists of all non-exempt FAA employees affected by the failure to timely pay wages in February 2023, as described above in paragraph 21 (Incident 6).

29.     Defendant failed to pay members of the Class wages owed on their regular pay dates in accordance with the FLSA.

30.     These employees suffered the same legal violations as Plaintiff under the same factual circumstances and seek the same remedies.

31.     A collective action would be the most efficient way to resolve the Class's FLSA overtime claims, which involve the same questions of law and fact.

## COUNT ONE

**(Failure to timely pay wages under the FLSA and Back Pay Act)**

32.     Plaintiff incorporates by reference herein the allegations contained in each of the above paragraphs.

33.     Defendant wrongfully and willfully denied Plaintiff and the Class wages due under the FLSA by failing to pay such wages on the employees' regular pay dates.

34. Such failures were not due to any government shutdown, but rather due to inexcusable neglect by the FAA.

35. Plaintiff and the Class are entitled to liquidated damages to compensate them for the delay in payment.

36. If Defendant satisfies its burden to show that it acted with reasonable grounds and in good faith, the Court should nevertheless exercise its discretion to award liquidated damages under 29 U.S.C. § 260. The Court should also award interest under the Back Pay Act, 5 U.S.C. § 5596.

37. In addition to liquidated damages, Plaintiff and the Class are entitled to reasonable attorneys' fees and costs under the FLSA and Back Pay Act.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a) Issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiff and the Class were wrongfully and willfully denied time payment of wages owed under the FLSA;

b) Award Plaintiff and the Class liquidated damages under the FLSA, as are due and owing to them by Defendant under applicable federal laws and regulations;

c) Award Plaintiff and the Class interest under the Back Pay Act;

d) Award Plaintiff and the Class reasonable attorneys' fees and costs to be paid by Defendant under FLSA, Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B);

e) Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and

f)  Grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    **/s/Daniel M. Rosenthal**
    Daniel M. Rosenthal
    Alice C. Hwang
    Charlotte H. Schwartz
    James & Hoffman, P.C.
    1629 K. St. NW
    Suite 1050
    Washington, DC 20006
    (202) 496-0500
    (202) 496-0555 facsimile
    dmrosenthal@jamhoff.com
    achwang@jamhoff.com
    chschwartz@jamhoff.com

    OF COUNSEL:
    Linda Lipsett
    Bernstein & Lipsett, P.C.
    1629 K. St. NW
    Suite 1050
    Washington, DC 20006
    (202) 296-1798
    llipsett@bernstein-lipsett.com

    *Attorneys for Plaintiff*

Dated: March 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 22nd day of March 2023, a copy of the foregoing complaint was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**/s/ Daniel Rosenthal**
Daniel Rosenthal